UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAM DAN BORDEN                                        PLAINTIFF

VS.                               CIVIL ACTION NO. 3:10CV374TSL-MTP

UNITED STATES OF AMERICA                                  DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant United States of America to dismiss, or in the alternative, for summary judgment.  Plaintiff William Dan Borden has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion is well taken and should be granted.

In April 2007, plaintiff William Dan Borden was employed by the VA Regional Office, Atlanta, Georgia, and detailed to the VA Regional Office in Jackson.  According to plaintiff's complaint in this cause, on April 18, 2007, he was called into the office of William (Bill) Taylor at the VA Regional Office for a conference, during which Taylor began to verbally harass plaintiff and struck plaintiff in the back of the head with his fist when plaintiff rose to leave.  Plaintiff has purported to bring the present action against the United States, as Taylor's employer, under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, asserting claims of assault and battery by Taylor and negligence

by various VA officials in failing to provide appropriate training
toward preventing such assaults.

The Government has moved to dismiss or, alternatively, for
summary judgment, on various bases, including that this court
lacks subject matter jurisdiction because the plaintiff's
exclusive remedy for the alleged assault is through the Federal
Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq*.  FECA
provides compensation for a federal employee's personal injuries
"sustained while in the performance of his duty."  5 U.S.C.
§ 8102(a).  For injuries within its coverage, FECA's remedy is
exclusive of any other remedy, including the FTCA.  5 U.S.C.
§ 8116(c).  Like workers' compensation statutes generally, "[FECA]
is intended to serve as a substitute rather than a supplement for
the tort suit."  Bailey v. United States, 451 F.2d 963, 965 (5th
Cir. 1971).  See White v. United States, 143 F.3d 232, 234 (5th
Cir. 1998).

FECA vests with the Secretary of Labor the power to
"administer, and decide all questions arising under [FECA]," 5
U.S.C. § 8145, and the Secretary's action in allowing or denying
an award under FECA is final and conclusive and not subject to
review by a court of law, 5 U.S.C. § 8128(b).  White, 143 F.3d at
234.  "Because the Secretary has sole authority to administer
FECA, the courts' jurisdiction in this area is limited to
determining whether a 'substantial question' of coverage under

FECA exists." Smith v. Nicholson, 287 Fed. Appx. 402, 404, 2008 WL 2824978, 1 (5ᵗʰ Cir. 2008) (citing White, 143 F.3d at 234). "As a rule, there is a substantial question of coverage unless it is certain as a matter of law that the Secretary would find the claim outside the scope of FECA." Id. (citing White, 143 F.3d at 234). "If there is a 'substantial question,' a plaintiff cannot pursue a tort action unless he first obtains a determination from the Secretary that FECA does not apply." Id. (citations omitted). "If the Secretary concludes that a claim is governed by FECA, the courts have no jurisdiction either to review that determination or to consider the underlying claim," id., regardless of whether or not the Secretary ultimately allows benefits under FECA, id. (citing 5 U.S.C. § 8128(b)).

In Smith, before filing a Privacy Act claim in district court, the plaintiff submitted a FECA claim to the Secretary of Labor, who denied it, not for lack of coverage, but for insufficient proof. The district court dismissed for lack of subject matter jurisdiction, and the Fifth Circuit affirmed, stating:

> This court has determined that such a denial is conclusive as to FECA coverage: "By ruling on the sufficiency of the evidence, the Secretary thought coverage existed. Thus, the district court did not have jurisdiction to try the claim." Bennett [v. Barnett, 210 F.3d 272, 277 and n.7 (5th Cir. 2000)] ("Had the Secretary of Labor agreed with [plaintiff], the Secretary would have dismissed the claim for lack of coverage; however, the dismissal was based on lack of proof."). As in Bennett, the Secretary's denial of Smith's claim on the merits is fatal to his federal court action.

Smith, 287 Fed. Appx. at 404, 2008 WL 2824978, at 2.

The record in this case establishes that on May 10, 2007, Borden filed a FECA claim with the Secretary of Labor for injuries allegedly received in the incident of April 18, 2007.  The Secretary denied the claim "due to the fact that there is no medical evidence that provides a diagnosis which could be connected to the claimed event."  As the Fifth Circuit held in Smith, this dismissal for lack of sufficient proof of a compensable injury was a dismissal on the merits, and "is fatal to his federal court action."  Id.

Accordingly, it is ordered that the Government's motion to dismiss is granted.[1]

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 26th day of August, 2011.


/s/ Tom S. Lee
_____
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that in his response, plaintiff has not addressed the Government's argument on this point.

4